MAKEA, K., *vs.* NALUA ET AL.

#### ON EXCEPTIONS.

THE PLAINTIFF THOUGHT it sufficient to prove he was "cousin" to the person last seized, not proving the exact genealogy to establish this. The defendants' proofs showed conclusively that he had no title to the land. On a motion for new trial on the ground of newly discovered evidence, although it was not clear that it might not have been discovered by the exercise of diligence;

HELD, that a new trial should be granted in order to further the ends of justice.

Opinion of the Court by JUDD, J.

This was an action of ejectment for a piece of land at Kaneohe, Koolaupoko, Oahu, heard at the October Term of this Court, 1878. The jury rendered a verdict for the defendant. The point upon which the case turned was whether the plaintiff was the cousin (kaikunane) of Kalele, the widow of Hinaai-

malama, the original patentee.   Hinaaimalama died leaving a son who was drowned in infancy; its mother Kalele surviving him, became the heir of this estate.   Kalua was proven to be the brother of the patentee, and, it is clear, has no inheriting relationship to Kalele, the person last seized of the estate.

A motion for new trial was made on the ground of newly discovered evidence, and the affidavits filed disclose that the plaintiff is now prepared with evidence tending to show his relationship to Kalele.   Some of the new witnesses are from a distant portion of this Island, of whose existence it is not to be presumed the plaintiff was aware.   However, were it not that the defendant has shown affirmatively that he has no title by inheritance to this land, we should hesitate to grant a *new trial*, as it is not clear that they could not have been discovered by the exercise of diligence.   The plaintiff apparently thought it was sufficient to prove to the jury that he was the cousin of Kalele, without giving the genealogy which would make this relationship apparent.   But it may often happen that a person may be aware that a certain relationship exists, and yet not be prepared with the genealogy to substantiate it.

As the defendant has shown no title to the land, and believing that a *new trial* will further the interests of justice, we allow it in this case.

Castle & Hatch for plaintiff.

W. L. Holokahiki for defendants.

Honolulu, August 2, 1879.